Dear Senator McPherson:
Reference is made to your recent request for an opinion of this office regarding a political subdivision's transfer of its property to another political subdivision. It is my understanding, in accordance with your request and in accordance with our recent telephone conversations, that the England Economic and Industrial Development District ("England") is in the process of doing some site preparation in anticipation of new uses for certain portions of its immovable property. To prepare the land for the new uses, it is necessary that a number of buildings be removed or demolished. Some of these buildings, specifically metal airport hangars, are capable of being moved rather than demolished, but are of no use to the District.
According to your correspondence, several fire protection districts and the Rapides Parish Fair Board have expressed an interest in obtaining the movable metal buildings. It is our understanding that the Board of Commissioners of the District is interested in transferring the buildings to these entities, and that allowing these entities to haul the buildings to their own sites would relieve the District of the cost of demolishing the buildings. In order to insure that the District acts in accordance with law and the constitution, you have asked this office to examine these issues in light of La. Const. Art. VII, Sec. 14.
Please be advised that it is the opinion of this office that the District can allow the fire protection districts and the Fair Board to haul away the buildings in question, and thereby save the District the cost of demolishing and disposing of same. Although such action would clearly be of benefit to the entities that will receive the buildings, it is our opinion that the District's Board of Commissioners would be remiss if it did not try to accomplish its site preparation work in a cost efficient manner. If allowing the buildings in question to be hauled away will relieve the District of the cost of demolishing and disposing of them, resulting in a financial benefit to the District, then we do not view the transaction as a prohibited donation. In this instance, although the fire districts and the Fair Board will clearly be getting something of value to them, the District will be not be acting solely for the benefit of the receiving entities, but will instead be acting in its own best interests.
Your letter also indicates that the Board of Commissioners may wish in the future, to donate surplus movable and immovable property owned by the District to other interested parties that serve a public purpose. In this regard, your letter calls our attention to La. Const. Art. VII, Sec. 14(C), and asks that we examine whether that constitutional provision authorizes political subdivisions to transfer title to surplus property to others by means of donation. Art. VII, Sec. 14(C), pertinently provides:
 "For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
This constitutional provision was examined by the Supreme Court in Cityof Port Allen v. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399
(La. 1983). In City of Port Allen, the Court stated that Art. VII, Sec. 14(A), which prohibits the state and its political subdivisions from donating assets, "is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so." The Court stated that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C), does not provide an exception to the provision contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A); the exceptions are clearly contained in Sec. 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions merely for a `public purpose'."
In light of the City of Port Allen decision, it is the opinion of this office that La. Const. Art. VII, Sec. 14(C) does not provide a means for political subdivisions to transfer title to property by means of a donation.
We trust the foregoing to be helpful. Please do not hesitate to contact us if we can be of assistance to you or the District in the future.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dra